IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORIA CASTRO, et al.,

      Plaintiff,               CIV-S-05-0130 DFL GGH PS

      vs.

STATE OF CALIFORNIA,

      Defendant.            <u>ORDER</u>

_____/

        On January 21, 2005, plaintiffs filed a document styled "Notice of Action" with this court. It included several attachments showing that plaintiffs designated Lamont A. Houze, II ("Houze") as their "agent" or "attorney in fact" to act on their behalf pursuing "claims against the State of California regarding the flood of the neighborhood of Strawberry Manors in the year of 1986." None of the plaintiffs signed the filed document; only Houze signed, as "attorney in fact, agent of plaintiffs." Houze, however, is not an attorney.[1]

        Rule 11(a) of the Federal Rules of Civil Procedure requires that "every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or if the party is not represented by an attorney, shall be signed by the party."

---

[1] A power of attorney, while giving some right to act on behalf of another outside of court, does not give one the right to represent another in court.

1    Plaintiffs, if they wish to represent themselves, must individually sign every
2 pleading, written motion, and other paper filed in this court.  Otherwise, they can seek legal
3 representation from a practicing attorney who may sign such papers for them.  Houze is not such
4 an attorney.
5    Furthermore, the application to proceed without prepayment of fees must be
6 completed by the plaintiffs individually.  Unless Houze is also a plaintiff, his application to
7 proceed without prepayment of fees is irrelevant.
8    Even had plaintiffs completed this court's form application to proceed in forma
9 pauperis, and demonstrated a proper basis to proceed without prepayment of funds, this court
10 would not permit the action to proceed upon the lodged complaint.
11    Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts.
12 Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,
13 (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for
14 the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice
15 of the claims against them."  <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991); <u>accord</u>,
16 <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth
17 "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").
18 The complaint does not meet these requirements.  There is no allegation of the basis for this
19 court's jurisdiction, other than a statement that the claim "is authorized by Article III Section 2 of
20 the United States Constitution."  Further, the complaint's allegations are not sufficient to put
21 defendants fairly on notice.  It includes only a brief reference to flooding of plaintiffs' property in
22 1986, and makes vague references to allegedly related state court proceedings.
23    In accordance with the above, IT IS HEREBY ORDERED that:
24    1. Plaintiffs shall submit, individually, within twenty days from the date of this
25 order, either completed applications and affidavits in support of their respective requests to
26 proceed in forma pauperis on the forms provided by the Clerk of Court, or the appropriate filing

2

1  fee; plaintiffs' failure to comply with this order will result in a recommendation that this action
2  be dismissed; and,
3       2. Plaintiffs shall submit, within twenty days from the date of this order, an
4  amended complaint, signed by each individual plaintiff, or by an attorney authorized to practice
5  law in this district who represents them.
6  DATED: 5/31/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Castro0130.ord

3