IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORIA CASTRO, et al.,

    Plaintiff,                          CIV-S-05-0130 DFL GGH PS

   vs.

STATE OF CALIFORNIA,

    Defendant.                       FINDINGS & RECOMMENDATIONS

_____/

        This action, in which plaintiffs are proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21). Plaintiffs' contention that this matter is improperly before the undersigned for any purpose because they did not consent to the assignment of a magistrate judge is without merit. See E.D. Cal. L.R. 72-302(c)(21).[1]

        By order dated May 31, 2005, plaintiffs' complaint was dismissed with twenty days leave to file an amended complaint and to submit either completed applications and affidavits in support of their respective requests to proceed in forma pauperis on the forms provided by the Clerk of Court, or the appropriate filing fee. The twenty day period has now

---

[1] Plaintiffs confuse the "total consent" procedures of 28 U.S.C. § 636(c) with a right to refuse magistrate judge participation in any aspect of their case. Of course, § 636(b) and Eastern District Local rule 72-302 set forth the matters which magistrate judges can adjudicate on an order or findings and recommendations basis without any consent by a party.

1

expired and plaintiffs have failed to file appropriate applications to proceed in forma pauperis or to pay the appropriate filing fee. That order warned that failure to comply with the order would result in a recommendation that this action be dismissed.

Plaintiffs' alleged representative, Lamont A. Houze, II ("Houze"), did file an amended complaint, but failed to follow the court's May 31, 2005, order in so doing. In particular, plaintiffs disregarded the court's order that because plaintiffs are proceeding in this action without legal representation, each of them must individually sign every pleading, written motion, and other paper filed with this court pursuant to Rule 11(a) of the Federal Rules of Civil Procedure. Instead, Houze filed an amended complaint on behalf of plaintiffs, which only he signed. Houze is not and does not claim to be an attorney licensed to practice in this district. Rather, Houze calls himself the plaintiffs' "attorney in fact" and cites to various portions of the California probate code in an attempt to explain his disregard of the court's order.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir.1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of pro se litigant's civil rights complaint for failure to comply with court's order requiring amendment of caption to delete "et al." designation and to name additional party defendants). Before dismissing a case for failure to comply with a court order, the district court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

\\\\\

In determining to recommend that this action be dismissed, the court has considered the factors set forth in Henderson. Plaintiffs' failure to comply with the court's order has impeded expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources. Although public policy favors disposition of cases on their merits, plaintiffs' failure to comply with the court's order has precluded the court from considering the merits of this action. In addition, defendant necessarily is prejudiced by delay in promptly initiating an action. Finally, the court concludes that there is no suitable alternative sanction, plaintiffs apparently having no intent to conduct this litigation in accord with accepted practice.

Accordingly, for the reasons set forth in the order filed May 31, 2005, and for plaintiff's failure to comply with that order, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 11-110 (E.D. Cal. 1997); Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/20/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
castro130.fta